**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Sherman Sherrills,** | ) | **CASE NO. 1:14 CV 1780** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order of** |
| | ) | **Remand** |
| **Boost Mobile, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This action was removed from the Cuyahoga County Court of Common Pleas by Defendant Boost Mobile, LLC on August 14, 2014. Defendant asserts this Court has federal question jurisdiction over this matter because the Complaint raises claims which arise under the United States Constitution. 28 U.S.C. § 1331. In the Complaint, Plaintiff claims the Defendant refused to honor an agreement to provide cellular service and refused to replace defective phones he purchased from the Defendant. He claims Defendant breached their contract, and deprived him of constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. He seeks unspecified compensatory damages, and $ 25,000.00 in punitive damages.

Defendant filed a Motion to Dismiss (ECF No. 4) on August 14, 2014, asserting three grounds for relief. First, Defendant claims Plaintiff's Complaint fails to assert

sufficient facts to meet the basic pleading requirements of Federal Civil Procedure Rule 8. Second, Defendant claims Plaintiff's constitutional claims under 42 U.S.C. § 1983 are legally insufficient because Boost is a private entity, not a state actor. Finally, Defendant contends Plaintiff's claims are barred by the applicable terms and conditions of their service agreement because he did not submit his claims to arbitration or small claims court.

Plaintiff filed an Amended Complaint on August 21, 2014. (ECF No. 5). This Complaint is substantially similar to the Complaint originally before this Court with the addition of a claim for intentional infliction of emotional distress. (ECF No. 5 at 54). He seeks unspecified compensatory damages, and $ 25,000.00 in punitive damages.

For the reasons set forth below, Defendant's Motion to Dismiss is granted in part, and denied in part. Plaintiff's constitutional law claims under 42 U.S.C. § 1983 are dismissed under Federal Rule 12(b)(6). Upon dismissal of Plaintiff's § 1983 claims, only state law claims remain in the action. Because Defendant removed this action solely on the basis of federal question jurisdiction, the Court declines supplemental jurisdiction over the state law claims and remands this case to the Cuyahoga County Court of Common Pleas.

**BACKGROUND**

Plaintiff's recitation of facts in the Complaint is very brief. He claims he purchased four smart phones from Boost in January 2013. After he left the store, he noticed two of the phones were not working. He alleges he called customer service over fifteen times asking them for

assistance, but they refused to correct the problem.  He states he waited in line for over nine hours only to be sent away to return to wait in line for seven additional hours.  He contends he was refused service, was sent from store to store, was physically removed from a store, and was subjected to "mental aqueous and verbal abuse and emotional stress... ."  (ECF No. 5 at 59).  Plaintiff alleges that he still has not been able to get his phones to work properly, and the Defendant has not complied with its promise of free service, nor has Defendant reimbursed him for monies paid, or provided him with working products.  In addition, he alleges he paid for cellular service from the Defendant and it failed to provide that service.  (ECF No. 5 at 59).  Plaintiff asserts claims for breach of contract, intentional infliction of emotional distress, and violation of his Fourth, Eighth, and Fourteenth Amendment rights under the United States and Ohio Constitutions.

### STANDARD OF REVIEW

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claims.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993).  *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) motion to dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (same).  Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  This lower standard "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This liberal construction, however, is not without limits.

When determining whether a Plaintiff has stated a claim upon which relief may be

granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. For this analysis, the Court may look beyond the allegations contained in the Complaint to exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

Plaintiff asserts claims under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Because the Constitution does not directly provide for damages,

Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999).  As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee.  Boost Mobile is a private business entity.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state, or was compelled by the state to act.  *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 298 (2001).  There is no suggestion in the Complaint that any of these factors was present. Plaintiff cannot sustain a cause of action against Boost Mobile for constitutional violations under 42 U.S.C. § 1983.  Defendant's Motion to Dismiss is granted with respect to Plaintiff's §1983 claims.

All of Plaintiff's remaining claims arise under Ohio law.  This case was removed to federal court solely on the basis of federal question jurisdiction.  Indeed, on the face of the

pleading it does not appear the case meets the amount in controversy threshold to establish diversity of citizenship jurisdiction. While this Court has supplemental jurisdiction over state law claims when they derive from the same nucleus of operative facts as the federal law claims asserted, and when considerations of judicial economy dictate having a single trial, the Court should decline to hear the state law matters when the federal law claims are dismissed before trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-26 (1966). Having dismissed all of Plaintiff's federal claims, and seeing no other basis for federal jurisdiction, the Court declines supplemental jurisdiction over the state law claims.

## **CONCLUSION**

Accordingly, Defendants Motion to Dismiss (ECF No. 4) is granted only with respect to Plaintiff's claims arising under 42 U.S.C. § 1983 for violations of the United States Constitution. The Motion is denied without prejudice with respect to all other claims. This case is remanded to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/3/14